## BOARDMAN *versus* POLAND.

It is definitely settled, that the Supreme Court will not look to the indorsement of a writ, for the purpose of finding error, to reverse a judgment.

Although it is error, that judgment should be entered for a greater amount than that claimed in the declaration, yet, judgment will not be reversed as to mere technical divisions of the separate amounts of debt and damages, when the agregate amount of such judgment, is less, than the agregate sum laid in the declaration.

Poland obtained a judgment by default, in debt, against Boardman, in the Circuit Court of Madison.

The cause of action declared on, was a promissory note, for the sum of three hundred and eighty eight dollars and six cents, which the defendant owed, &c. to the plaintiff's damage one hundred dollars. The clerk of the Court below, in entering up judgment against the defendant, rendered it for the sum of one hundred and forty eight dollars, debt, and one hundred and fifteen dollars, damages. Boardman took a writ of error to this Court, and sought a reversal of the judgment, on assignments which appear in the opinion of the Court.

S. PARSONS, for Plaintiff—McCLUNG, *contra.*

By Mr. Justice HITCHCOCK :

This was an action of debt on a promissory note. The declaration demands three hundred and eighty-eight dollars and six cents debt, and one hundred dollars damages. There was a judgment by default; and the clerk, under the statute, computed the debt, and damages, and judgment was rendered thereon for one hundred and forty eight dollars debt, and one hundred and fifteen dollars damages.

Two errors are assigned.

I. That there is a variance between the endorsement of the cause of action on the writ, and the declaration in the date of the note, and

II. That the damages allowed are greater than those claimed in the writ and declaration.

I. As to the first assignment, it has been repeatedly decided, that this Court will not look at the endorsement of the writ, for the purpose of finding error to reverse a judgment.

II. As to the second, this Court decided, in the case of *Dinsmore* vs. *Austil*,[a] that where the judgment is for a greater sum than that claimed in that declaration, it is error : there was also, in the case, an error in the calculation of interest.

In the case of *McWhorter* vs. *Sayre & Sayre*,[b] the damages claimed in the declaration were one hundred and thirty dollars, and the verdict of the jury was for two hundred and sixty eight dollars and ninety three cents : for this error the judgment was reversed.

It is conceived, that this case is distinguishable from the other two. Here, the aggregate amount of the judgment is for less than the aggregate amount claimed in the declaration—the amount of the debt being for much less, and the damages for fifteen dollars more. The clerk, in making up the sums might have included the whole amount as debt, and there would have been less than the amount claimed, as debt, in the declaration; and we do not think that when there is no error in the amount of the judgment, that we should reverse a case for any technical division of the sum—the declaration being sufficient to cover the whole amount.

The judgment must be affirmed.